# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| IN RE MISSION HEALTH ANTITRUST LITIGATION | ) Case No. 3:25-mc-00002 ) |

## ORDER

Before the Court is Defendants' Motion to Compel Production By Non-Parties DLP Hospitals. (Doc. No. 1). Defendants HCA Healthcare, Inc., HCA Management Services, L.P., HCA, Inc., MH Master Holdings, LLLP, MH Hospital Manager, LLC, and MH Mission Hospital, LLLP (collectively, "HCA Defendants") seek to compel non-parties DLP Harris Regional Hospital, LLC, DLP Haywood Regional Medical Center, LLC, DLP Rutherford Regional Health System, LLC, and DLP Swain County Hospital, LLC (collectively, "DLP Hospitals") to comply with a subpoena served in an action pending in the Western District of North Carolina captioned In Re Mission Health Antitrust Litigation, Case No. 1:22-cv-00114 (W.D.N.C.). The subpoenas demand the productions of documents in Durham, North Carolina, in the Middle District of North Carolina. (Doc. No. 3-1). On February 19, 2025, HCA Defendants moved to transfer their Motion to Compel (Doc. No. 1) to the United States District Court for the Western District of North Carolina, where the underlying litigation is pending. (Doc. Nos. 4, 5). DLP Hospitals' counsel consented to the request to transfer. (Doc. No. 3-14; see Doc. No. 5 at 4).

On February 21, 2025, DLP Hospitals and non-party LifePoint Corporate Services, General Partnership ("Lifepoint") filed a Motion to Quash Subpoenas and For Protective Order (Doc. No. 10), wherein DLP Hospitals and Lifepoint request the Motion (Doc. No. 10) be transferred to the Western District of North Carolina.[1] (Doc. No. 10 at 2). That same day, in a Joint Discovery

---

[1] DLP Hospitals and Lifepoint represent that DLP Hospitals are Lifepoint's affiliates. (Doc. No. 10 at 1).

Dispute Statement, the parties, DLP Hospitals, and Lifepoint informed the Court that they all "agree that this discovery dispute should be resolved by the United States District Court for the Western District of North Carolina, which issued the subpoenas." (Doc. No. 13 at 2).

Pursuant to Federal Rule of Civil Procedure 45(f), "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Here, the Western District of North Carolina issued the subpoenas. (Doc. No. 3-1). The impacted non-parties subject to the subpoenas, DLP Hospitals and Lifepoint, consent to transfer to the Western District of North Carolina. (Doc. No. 3-1; Doc. No. 10 at 2; Doc. No. 13 at 2). Accordingly, pursuant to Rule 45(f), HCA Defendants' Motion to Transfer (Doc. No. 4) is **GRANTED**. The Motion to Compel (Doc. No. 1) and Motion to Quash and For Protective Order (Doc. No. 10) are **TRANSFERRED** to the United States District Court for the Western District of North Carolina where the underlying action is pending.

This case is closed. The Clerk is directed to close the file.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE